UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SYLVIA JENKINS,

                            Plaintiff,

        - v -                                          Civ. No. 5:06-CV-59
                                                        (DNH/RFT)

JO ANNE B. BARNHART, Commissioner of Social Security,

                            Defendant.
_____

APPEARANCES:                                            OF COUNSEL:

SYLVIA JENKINS
Plaintiff, *Pro se*
114 Delaware Street
Syracuse, New York 13202

HON. GLENN T. SUDDABY                             WILLIAM H. PEASE
United States Attorney–Northern District of New York     Assistant U.S. Attorney
100 South Clinton Street
Syracuse, New York 13261

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

### I. INTRODUCTION

On January 17, 2006, *pro se* Plaintiff Sylvia Jenkins initiated this action, pursuant to 42 U.S.C. § 405(g), seeking review of a decision by the Commissioner of Social Security denying her application for benefits. *See* Dkt. No. 1, Compl. At that time, she sought, and the Court granted, her Application for *In Forma Pauperis* status. Dkt. Nos. 2-3. On May 22, 2006, Defendant filed a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that since Plaintiff failed to exhaust her administrative remedies, the Court lacks subject matter jurisdiction to entertain the action. A response to the Motion was due on June 19, 2006. Dkt. No. 8. Having not received Plaintiff's Response, this Court, on August 4, 2006, *sua sponte*

issued a Scheduling Order resetting Plaintiff's time to respond to the Motion to September 15, 2006. Dkt. No. 9. In that Order, we specifically warned Plaintiff that, "in accordance with the Federal Rules of Civil Procedure and the Local Rules of this District, her continued inaction in this matter could result in the Court dismissing this action." *Id*. at p. 2 (citing FED. R. CIV. P. 41(b) & N.D.N.Y.L.R. 41.2(a)). We further stated,

> **<u>Plaintiff is warned that failure to respond may, if appropriate, result in the granting of Defendant's Motion</u>**. *See* N.D.N.Y.L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as required by this Rule shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown.")[.]

*Id*. (emphasis in original).

To date, the only communication this Court received from Plaintiff was a one-page document which the Court rejected as it was unclear what relief was being sought. Plaintiff's continued inaction in this case could be an indication that she has abandoned her claim for relief. *See* N.D.N.Y.L.R. 41.2(a) ("[T]he plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."). However, we need not conjecture on Plaintiff's desire to pursue this matter since we find that, as explained below, Defendant is entitled to the relief sought by her Motion, namely dismissal based on the Court's lack of subject matter jurisdiction.

## II. DISCUSSION

### A. Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing FED. R. CIV. P. 12(b)(1)). Federal courts

are "duty bound . . . to address the issue of subject matter jurisdiction at the outset." *Filetech S.A. v. France Telecom S.A.*, 157 F.3d 922, 929 (2d Cir. 1998). "In resolving the question of jurisdiction, the district court can refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that [jurisdiction] exists." *Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002) (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)); *see also Societe Nationale d'Exploitation Industrielle des Tabacs et Allumettes v. Salomon Bros. Int'l Ltd.*, 928 F. Supp. 398, 402 (S.D.N.Y. 1996) ("[T]he Court need not accept as true contested jurisdictional allegations and may resolve disputed jurisdictional facts by reference to affidavits and other materials outside the pleadings.").

### B. Exhaustion of Administrative Remedies

Absent Congressional consent to be sued, the United States is immune from suit and federal courts lack subject matter jurisdiction to entertain the suit. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoted in *Makarova v. United States*, 201 F.3d at 113). Where the United States waives sovereign immunity and consents to be sued, the terms of such consent define the court's jurisdiction to entertain the suit. *Id*. In the case at bar, the express Congressional consent to suit can be found at 42 U.S.C. § 405(g), which authorizes judicial review of cases arising under Title XVI of the Social Security Act.[1]   Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy,

---

[1] In this instance, Plaintiff filed an Application for Supplemental Security Income (SSI). The same judicial review provided in 42 U.S.C. § 405(g) is applicable to SSI cases via 42 U.S.C. § 1383(c)(3). *See* 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title.").

may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

It is clear from the statute that judicial review is only permitted in accordance with the terms therein:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

The statute conferring subject matter jurisdiction to this Court clearly limits our review to a particular type of agency action, that being a "final decision of the Secretary made after a hearing[.]" 42 U.S.C. § 405(g); *Califano v. Sanders*, 430 U.S. 99, 108 (1977). Though undefined in the statute, the Social Security Regulations establish a four-step administrative review process. 20 C.F.R. § 416.1400(a)(1)-(4). Only upon completion of all four steps will a final decision be rendered by the Commissioner such that judicial review can be sought. *Id*. at § 416.1400(a)(5). If a claimant fails to pursue administrative appeal rights, the administrative determination or decision becomes binding and may foreclose judicial review. *Id*. at §§ 416.1400(b) ("If you are dissatisfied with [the Commissioner's] decision in the review process, but do not take the next step within the stated time period, you will lose your right to further administrative review and your right to judicial review . . . ."), 416.1405, 416.1421, 416.1455, & 416.1481.

    Pursuant to the Regulations, the four step administrative review process is as follows: 1) the claimant receives an initial determination, 20 C.F.R. § 416.1402; 2) if dissatisfied with this

determination, the claimant may seek reconsideration, 20 C.F.R. § 416.1407; 3) if dissatisfied, the claimant may request a hearing before an Administrative Law Judge (ALJ), who will issue a written decision, 20 C.F.R. § 416.1429; and 4) if dissatisfied, the claimant may request that the Appeals Council review the decision, 20 C.F.R. § 416.1467.  The Appeals Council may deny review and allow the ALJ's decision to stand as the final decision of the Commissioner, or may grant review and issue its own decision.  20 C.F.R. § 416.1481.  Upon completion of all four steps, the claimant will have received a final decision and may pursue judicial review by filing an action in federal court within sixty (60) days after receiving notice of the Appeals Council's action.  20 C.F.R. §§ 416.1481 & 422.210.

In the case at bar, Defendant asserts Plaintiff failed to complete all four steps of the administrative review process prior to initiating the current federal action.  In support of her Motion to Dismiss, Defendant attaches the Declaration of John J. Timlin, Acting Chief of Court Case Preparation and Review Branch IV of the Office of Appellate Operations, Office of Hearings and Appeals, Social Security Administration.  Dkt. No. 8.  According to Mr. Timlin, Plaintiff filed an Application for Supplemental Security Income (SSI) on March 3, 2005.  Timlin Decl. at ¶ 3(a).  The claim was denied on April 15, 2005.  *Id*.  There is no indication that the case was pursued until January 17, 2006, when a civil action was commenced in this Court.  *Id*.  Having only completed the first of four administrative procedures, Plaintiff clearly has not received a "final" decision of the Commissioner.  Since no final decision is in existence, this Court lacks the subject matter jurisdiction to entertain this action and accordingly, the claim must be dismissed.  *Dietsch v. Schweiker*, 700 F.2d 865, 867 (2d Cir. 1983) (noting that the Social Security Act establishes a "comprehensive plan for administrative and judicial review of

claims for disability benefits[ . . . and in accordance with the statute,] administrative procedures must be exhausted before judicial review is available." (citations omitted)); *Mendez v. Chater*, 1997 WL 278056, at *2 (S.D.N.Y. May 22, 1997) (citing *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975) for the proposition that a final decision is a "jurisdictional prerequisite for judicial review").

**WHEREFORE**, after due consideration being given, it is hereby

**RECOMMENDED**, Defendant's Motion to Dismiss (Dkt. No. 8) be **GRANTED** and this action be dismissed in accordance with Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

**IT IS SO ORDERED.**

Dated: February 26, 2007
        Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge